An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT FOULTON MORRIS, JR.
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65349

**FILED**

OCT 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with the use of a deadly weapon. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

First, appellant Robert Morris, Jr., contends that the prosecution presented insufficient evidence to disprove his theory of self-defense and convict him. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Here, the State presented testimony from the victim that, after having a verbal dispute earlier in the morning, Morris approached her with a knife in his hand and stabbed her four or five times on the arm and in her back as she tried to run away. Another witness testified that she was walking across the street with the victim when Morris approached with a knife in his hand, began swearing at the victim, and then stabbed her. The witness further testified that the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34295

victim did not say anything to Morris except his name and did not reach into her purse. Lastly, the State introduced a surveillance videotape that captured the incident. Based on the evidence in the record, and viewing that evidence in the light most favorable to the prosecution, we conclude that there is sufficient evidence from which a rational juror could reject Morris's theory of self-defense and find him guilty beyond a reasonable doubt of battery with the use of a deadly weapon. *See* NRS 200.481(1)(a), (2)(e)(1); *Pineda v. State*, 120 Nev. 204, 212, 88 P.3d 827, 833 (2004) (right to self-defense exists when there is "a reasonably perceived apparent danger" or actual danger). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports its verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Morris claims that the district court erred by failing to give his jury instruction on self-defense. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). The record reveals that the district court considered the proposed instructions on self-defense and determined that Morris's was taken from the State's proposed instructions, that the State's proposed instruction would not preclude Morris from arguing his position, and that the inclusion of Morris's proposed instruction would be duplicative and could be confusing to the jury. However, Morris's proffered instruction was not misleading, inaccurate, or incomplete. Therefore, we conclude that the district court

erred in refusing to give Morris's instruction on his theory of the case. *See id.* at 754-55, 121 P.3d at 589. Despite the error, we are convinced that the error was harmless, as the given instruction fully and accurately instructed the jury on self-defense and was comparable to the proffered instruction, and that the resulting verdict was not due to the error. *See id.* at 756, 121 P.3d at 590.

Third, Morris contends that the State committed prosecutorial misconduct by misstating the law of self-defense and suggesting that a reasonable person would not believe him or herself in actual danger. Morris did not object to the State's argument at trial, therefore we review for plain error. *Valdez v. State,* 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). The prosecutor argued that, while actual danger is not necessary to justify deadly force and self-defense, a reasonable person in Morris's situation would not believe himself to be in apparent risk of danger and would know that he was not in any actual danger. The challenged statement was a reasonable inference drawn from the evidence presented at trial to rebut Morris's claim of self-defense and, therefore, was proper. *See Greene v. State,* 113 Nev. 157, 177, 931 P.2d 54, 67 (1997), *receded from on other grounds by Byford v. State,* 116 Nev. 215, 235, 994 P.2d 700, 713 (2000); *Jain v. McFarland,* 109 Nev. 465, 476, 851 P.2d 450, 457 (1993). Therefore, we conclude that Morris fails to demonstrate plain error.

Lastly, Morris claims that cumulative error entitles him to relief. Because we have only found one error, there are no errors to

cumulate. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000). We conclude that no relief is warranted, and we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc: Hon. Patrick Flanagan, District Judge
Dennis W. Hough
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk